UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAND WALTER GOULD,

        Petitioner,

v.                                          CASE NO. 07-15336
                                            HONORABLE GEORGE CARAM STEEH

LINDA METRISH,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
DISMISSING HABEAS PETITION WITH PREJUDICE,
GRANTING A CERTIFICATE OF APPEALABILITY,
AND GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

This matter is pending before the Court on petitioner Rand Walter Gould's petition for a writ of habeas corpus and respondent Linda Metrish's motion to dismiss the habeas petition as time-barred. The Court agrees with Respondent that Petitioner's claims are barred by Petitioner's failure to comply with the one-year statute of limitations. Consequently, Respondent's motion will be granted, and the habeas petition will be dismissed.

**I. Background**

On March 1, 1999, an Oakland County Circuit Court jury found Petitioner guilty of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, killing or torturing an animal, Mich. Comp. Laws § 750.50b, and kidnaping by secret confinement, Mich. Comp. Laws § 750.349. The trial court sentenced Petitioner to concurrent terms of imprisonment as follows: thirteen to twenty years for the assault conviction; two years, eight months to eight years for the animal-cruelty conviction; and twenty-five to fifty years for the

kidnaping conviction.  The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished, *per curiam* opinion, *see People v. Gould*, No. 218279 (Mich. Ct. App. Nov. 27, 2001), and on August 30, 2002, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Gould*, 467 Mich. 860; 651 N.W.2d 914 (2002) (table).

On August 6, 2003, Petitioner filed a motion for discovery, and on August 25, 2003, he moved for relief from judgment. The trial court denied both motions on June 16, 2004, but Petitioner claims that he did not receive a complete copy of the court's opinion and order until December 16, 2005.[1] Almost a year later on December 14, 2006, Petitioner appealed the trial court's decision. The Michigan Court of Appeals dismissed his appeal for lack of jurisdiction, because the appeal was not filed within twelve months of the trial court's order. *See People v. Gould*, No. 274982 (Mich. Ct. App. Jan. 19, 2007) (unpublished). On September 10, 2007, the Michigan Supreme Court denied leave to appeal, *see People v. Gould*, 480 Mich. 854; 737 N.W.2d 744 (2007), and on November 29, 2007, the state supreme court denied reconsideration. *See People v. Gould*, 480 Mich. 960; 741 N.W.2d 378 (2007).

Petitioner signed and dated his *pro se* habeas corpus petition on December 7, 2007.  He raises sixteen claims regarding his attorneys, the prosecutor, his rights to represent himself, to be represented by counsel of choice, and to present a defense, the trial court's evidentiary rulings and jury instructions, the state court transcripts, his sentence, and the state appellate court's

---

[1] Petitioner states that he received all but page 5 of the seven-page order on November 4, 2005. The missing page listed the elements of the offenses for which Petitioner was convicted and a summary of some of the complainant's testimony. The trial court's ruling was obvious from the remaining pages of the order.

2

refusal to accept his supplemental brief on appeal.

On July 3, 2008, respondent Linda Metrish filed a motion to dismiss the habeas petition on the ground that Petitioner has failed to abide with the one-year statute of limitations. Petitioner then retained counsel, who has filed an answer to Respondent's motion. Petitioner alleges through counsel that Respondent's motion is inconsistent with the rules governing habeas petitions, that the habeas petition was timely filed, and that the Court should equitably toll the limitation period if the Court finds that the habeas petition is untimely.

## II.  Discussion

### A.  The Appropriateness of Respondent's Motion

Petitioner contends that Respondent's motion to dismiss is not a proper response to his habeas petition because it is inconsistent with the procedural rules governing habeas corpus petitions. Petitioner relies on an unpublished district court order, which states that an answer to a habeas petition generally should respond to the factual allegations contained in the habeas petition and provide reasons why the petition should be dismissed and denied on the merits. *See Bennerman v. Howes*, No. 06-15463, 2008 WL 686238 (E.D. Mich. Mar. 13, 2008) (Tarnow, J.) (unpublished opinion).

Rule 5(a) of the Rules Governing Section 2254 Cases in the United States District Court states that "[t]he respondent is not required to answer the petition unless a judge so orders." However, if the Court does order an answer to the petition, "[t]he answer must address the allegations in the petition." Rule 5(b).

Respondent did not address the merits of Petitioner's claims, but she did file a timely response to the habeas petition, and the Court finds it unnecessary to adjudicate the substantive

merits of Petitioner's claims because his pleading is time-barred. Accordingly, the Court will excuse the failure to address the factual allegations contained in the habeas petition and the failure to allege why the habeas petition should be denied on the merits.

### B.  The Statute of Limitations

Respondent argues that Petitioner's claims are barred from review by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which established a one-year period of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

#### 1. Subsections 2244(d)(1)(B)-(D)

Petitioner invokes 28 U.S.C. § 2244(d)(1)(B) as a basis for concluding that his habeas petition is timely. Under subsection 2244(d)(1)(B), the limitation period runs from the date on

which an impediment created by state action was removed. "Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition." *Dunker v. Bissonnette,* 154 F. Supp.2d 95, 105 (D. Mass. 2001) (quoted in *Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003)).

Petitioner agrees with Respondent that the statute of limitations ran from the date that his conviction became final until he filed his motion for relief from judgment in state court. He wants the Court to toll the limitation period from the time that he filed his motion for relief from judgment on August 25, 2003, until the Michigan Supreme Court denied reconsideration on November 29, 2007.[2] Petitioner contends that the limitation period was tolled for that entire time because he did not receive the trial court's complete order on his motion for relief from judgment until December 16, 2005. Petitioner maintains that he had one year from December 16, 2005, to file an appeal from the trial court's decision and that the limitation period did not resume running until after the Michigan Court of Appeals and the Michigan Supreme Court concluded their review of his motion.

Lack of notice of a state court decision can be a basis for tolling the limitation period. *Miller v. Collins*, 305 F.3d 491, 495-96 (6th Cir. 2002). However, Petitioner admits in affidavits that he was advised by the trial court's chief of court operations on September 21, 2004, that the trial court denied his motion for relief from judgment three months earlier on June 16, 2004. Petitioner had approximately nine months from September 21, 2004, to file an application for leave to appeal in the Michigan Court of Appeals. He could have appealed the trial court's order

---

[2] Petitioner alleges that the state supreme court denied reconsideration on state collateral review on September 29, 2007, but the record indicates that reconsideration was denied on November 29, 2007.

and, at the same time, requested additional time to file an appellate brief on the ground that he had not yet received a copy of the trial court's order.

Petitioner's argument overlooks the fact that the time for filing an appeal in the Michigan Court of Appeals runs from the date of the trial court's order on a post-conviction motion, not from the date when he received the order. Mich. Ct. R. 6.509(A) and 7.205(F)(3). His appeal to the Michigan Court of Appeals from the trial court's denial of his post-conviction motion was untimely. Because the Michigan Court of Appeals rejected Petitioner's appeal as untimely, the appeal was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo* 544 U.S. 408, 417 (2005). In other words, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id*. at 414. The Court therefore rejects Petitioner's argument under 28 U.S.C. § 2244(d)(1)(B) and 28 U.S.C. § 2244(d)(2).

Subsection 2244(d)(1)(C) of Title 28, United States Code, does not apply here because Petitioner is not relying on a newly recognized constitutional right. Subsection 2244(d)(1)(D) also does not apply. Even though habeas claim VI alleges that the prosecution withheld evidence, including police reports, DNA evidence, and the complainant's criminal history and mental health records, all of this information could have been discovered earlier through the exercise of due diligence.

### 2. Subsection 2244(d)(1)(A)

The only applicable subsection here is 28 U.S.C. § 2244(d)(1)(A). Petitioner's convictions became final under subsection 2244(d)(1)(A) on November 28, 2002, when the deadline expired for seeking a writ of certiorari in the Supreme Court on direct review. *Jimenez*

*v. Quarterman*, __ U. S. __, __, 129 S. Ct. 681, 685-86 (2009); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000); Sup. Ct. R. 13.  The limitation period began to run on the following day.  It ran 269 days until August 25, 2003, when Petitioner filed his motion for relief from judgment. 28 U.S.C. § 2244(d)(2).[3]

A motion normally remains "pending" for purposes of subsection 2244(b)(2) until it achieves final resolution through the State's post-conviction procedures.  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).  Petitioner, however, had only one year or until June 16, 2005, in which to appeal the trial court's June 16, 2004 decision denying his motion for relief from judgment.  Mich. Ct. R. 6.509(A) and 7.205(F)(3).  Because he failed to meet that deadline, the statute of limitations resumed running at the expiration of the appeals period on June 17, 2005. *See Allen v. Mitchell*, 276 F.3d 183, 185 (4th Cir. 2001) (holding that "the statute of limitation is not tolled between the expiration of a state appeal deadline and the subsequent filing of an untimely appellate petition").  Petitioner then had ninety-six days or until September 20, 2005, to file his habeas petition, because 269 days had already run on the limitation period.  He filed his habeas petition more than two years later.  Therefore, the petition is untimely.

### 3. Equitable Tolling

Petitioner urges the Court to equitably toll the limitation period if it finds that his habeas petition is untimely.  Equitable tolling does apply to the statute of limitations, *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001), but "a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2)

---

[3] Petitioner's motion for discovery, filed on August 6, 2003, did not toll the limitation period.  *Brown v. Sec'y for Dep't of Corr.*, 530 F.3d 1335, 1338 (11th Cir. 2008); *Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir. 2001).

7

that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Courts in this Circuit also consider and balance the following factors when deciding whether equitable tolling is appropriate:

> (1) lack of actual notice of [the] filing requirement; (2) lack of constructive knowledge of [the] filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

*Andrew v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). "These factors . . . are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted).

Lack of prejudice to the respondent is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and Petitioner has not alleged that he lacked notice or constructive knowledge of the filing requirement. Although he was diligent in attempting to acquire a complete copy of the trial court's order denying his motion for relief from judgment, he did not pursue an appeal from the court's order for over two years after he learned that his motion was denied and over a year from the date that he received all but page 5 of the order. He alleges that his case is complex and that he was proceeding without the benefit of an attorney on state collateral review, but his *pro se* representation and ignorance of the law is not a basis for equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Therefore, Petitioner is not entitled to equitable tolling.

## III. Conclusion

Petitioner's claims are barred from substantive review by the one-year statute of

limitations, and this is not an appropriate case for equitable tolling. Even assuming that Petitioner was diligent in pursuing his claims, he has not shown that some extraordinary circumstances stood in his way of filing a timely habeas petition. Accordingly, Respondent's motion to dismiss [Dkt. #6] is **GRANTED**, and Petitioner's habeas petition [Dkt. #1] is **DISMISSED** with prejudice for failure to comply with the statute of limitations.

Reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability may issue, and Petitioner may proceed *in forma pauperis* on appeal.

Dated: March 9, 2009

           S/George Caram Steeh
           GEORGE CARAM STEEH
           UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 9, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk